# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**                            **Case No: 6:22-cr-111-WWB-DAB**

**DARRIUS JAQUES GARRETT,**

     **Defendant.**

_____/

## MOTION TO SEVER

The Defendant, Darrius Jaques Garrett, through counsel, moves this Court to sever Counts One and Two for trial and in support states:

1.     Mr. Garrett is indicted with two counts of felon in possession under 18 U.S.C. § 922(g). Doc. 7. The relevant date in Count One is May 27, 2022, and for Count Two is June 1, 2022. He was arraigned and pleaded not guilty on July 21, 2022. Doc. 13.

2.     The Government's apparent theory of the case in Count One, as borne out in discovery, is that Mr. Garrett participated in a shootout on May 27, 2022. Mr. Garrett and the alleged victim reportedly traded gunfire. The alleged victim was purportedly shot by Mr. Garret, was transported to the hospital, and survived life-threatening wounds. Mr. Garrett left the scene of the shooting on May 27, 2022.

3.     As to Count Two, discovery reveals on June 1, 2022, the Government reportedly seized a Dodge Charger they believed to be driven by Mr. Garret. The vehicle was not owned or registered to Mr. Garrett, yet the Government believes it belongs to the mother of some of Mr. Garrett's children. Purportedly, law enforcement found a handgun inside the vehicle. Despite Mr. Garrett not being present in the Dodge Charger, he was indicted for possession of the handgun reportedly found within the vehicle.

4.     Mr. Garrett asserts that joinder of these two offenses is improper and creates undue prejudice towards Mr. Garrett. These alleged offenses are not based on the same act or transaction. The two counts occurred at different times. Count One involves two men trading gunfire. Count Two involves a gun in a vehicle that Mr. Garrett was not in and did not own. Here, the allegations stated in the indictment do not support joinder of the two counts.

5.     The undersigned contacted Assistant U.S. Attorney Courtney Richardson-Jones and the United States opposes this motion.

## MEMORANDUM OF LAW

The government's joinder of unrelated charges against Mr. Garrett requires severance of counts under Fed. R. Crim. P. 8(a) and 14. Counts 1 and 2 of the Indictment must be severed from each other as the continued joinder would deprive Mr. Garrett of his right to a fair trial.

Rule 8(a) permits joinder of offenses in a single indictment only if the offenses (i) are of the same or similar character; (ii) are based on the same act or transaction; or (iii) are connected together or constituting parts of a common scheme or plan. *See* Fed. R. Crim. P. 8(a). The Eleventh Circuit has held that Rule 8 is to be "broadly construed in favor of joinder." *See United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000) (c*iting United States v. Weaver*, 905 F.2d 1466 (11th Cir. 1990). In determining whether the initial joinder was proper, a trial court must consider the "allegations stated on the face of the indictment." *Id*. at 1238. The Court may also look to the representations of the government supporting joinder where the indictment does not explicitly state the connection between the charges. *See id*. at 1241. Here, the allegations stated in the indictment do not support joinder of the two counts.

Even if this Court should find that Counts 1 and 2 are properly joined, this Court should order severance because Mr. Garrett's defense will be prejudiced by the joinder. *See* Fed. R. Crim. P. 14(a). Rule14(a) states that a district court may order separate trials if either party is prejudiced by the joinder:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the

defendants' trials, or provide any other relief that justice requires.

When considering a motion under Rule 14, the Court must "balance the defendant's right to a fair trial against the public's interest in efficient and economic administration of justice." *United States v. Berkman*, 433 F. App'x 859, 862 (11th Cir. 2011). In *United States v. Walser*, the Eleventh Circuit reaffirmed that "more than some prejudice must be shown" rather the defendant must show "compelling evidence." 3 F.3d 380, 386 (11th Cir. 1993). The court elaborated:

> The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict. If so, "though the task be difficult," there is no compelling prejudice. Moreover, if the possible prejudice may be cured by a cautionary instruction severance is not required.

*Id*. at 386-87 (internal citations omitted). The circumstances of Mr. Garrett's case are such that no limiting jury instruction can cure the compelling prejudice.

These alleged offenses are not based on the same act or transaction. The two counts occurred at different times. Count One involves two men trading gunfire. Count Two involves a gun in a vehicle that Mr. Garrett was not in and

did not own. Here, the allegations stated in the indictment do not support joinder of the two counts.

Mr. Garrett will present separate defenses to the two counts in the indictment and a joint trial will "embarrass[ ] or confound[ ]" him in the presentation of those defenses. *United States v. Pierce*, 733 F.2d 1474, 1477 (11th Cir. 1984)(*quoting Drew v. United States*, 331 F. 2d 85, 88 (D.D.C. 1964). As to Count One, Mr. Garrett is intending upon presenting a self-defense claim related to possession of the firearm. Case law directs that such a defense is available as a duress defense in Sec. 922(g) cases. As to Count Two, Mr. Garrett intends to hold the Government to their burden of proving every element beyond a reasonable doubt.

Second, a joint trial would create the danger that the jury would use evidence admissible as to one count "to infer a criminal disposition" on the part of Mr. Garrett as to the other count. *Id.* If the jury learns of the shooting in Count One there is a strong possibility the jury will convict him on Count Two based on their prejudice alone. This is especially true since the alleged shooting in Count One reportedly occurred four days before the alleged possession of the firearm found in the unoccupied Dodge Charger.

Dated this 24th day of October 2022.

A. Fitzgerald Hall, Esq.
Federal Defender, MDFL

*s/ D. Todd Doss*
D. Todd Doss, Esq.
Assistant Federal Defender
Florida Bar No. 0910384
201 South Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
E-Mail: todd_doss@fd.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that undersigned electronically filed the foregoing with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to Courtney Richardson-Jones, Assistant United States Attorney, this 24th day of October 2022.

*s/ D. Todd Doss*
Attorney for Defendant

6